# Exhibit A

## TABLE OF CONTENTS

Class Action Complaint, filed on August 31, 2018.........................................................3

Plaintiff's Notice of Motion, filed on September 5, 2018....................................................11

Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class
Certification Ruling Pending Discovery, filed on September 5, 2018 ...........................13

Proof of Service ........................................................................................................30

Return Date: No return date scheduled
Hearing Date: 12/31/2018 10:00 AM - 10:00 AM
Courtroom Number: 2410 **12-Person Jury**
Location: District 1 Court
    Cook County, IL

Chancery Division Civil Cover Sheet - General Chancery Section        (Rev. 11/06/13) CCCH 0623

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
8/31/2018 4:00 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH11115

FRIEDA ZIEDEL, individually and on behalf of a class of similarly situated individuals,

                      **Plaintiff**

v.

NATIONAL GAS & ELECTRIC, LLC, a Texas limited liability company,

                      **Defendant**

No.    **2018CH11115**

**CHANCERY DIVISION CIVIL COVER SHEET**
**GENERAL CHANCERY SECTION**

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

0005 ☐ Administrative Review
0001 ☑ Class Action
0002 ☐ Declaratory Judgment
0004 ☐ Injunction

| | | | | |
|---|---|---|---|---|
| 0007 | ☐ General Chancery | | 0019 | ☐ Partition |
| 0010 | ☐ Accounting | | 0020 | ☐ Quiet Title |
| 0011 | ☐ Arbitration | | 0021 | ☐ Quo Warranto |
| 0012 | ☐ Certiorari | | 0022 | ☐ Redemption Rights |
| 0013 | ☐ Dissolution of Corporation | | 0023 | ☐ Reformation of a Contract |
| 0014 | ☐ Dissolution of Partnership | | 0024 | ☐ Rescission of a Contract |
| 0015 | ☐ Equitable Lien | | 0025 | ☐ Specific Performance |
| 0016 | ☐ Interpleader | | 0026 | ☐ Trust Construction |
| 0017 | ☐ Mandamus | | | ☐ Other (specify) _____ |
| 0018 | ☐ Ne Exeat | | | |

By:  William P.N. Kingston Esq.

☑ Atty. No.:  56618      ☐ Pro Se 99500

Name: McGuire Law, P.C.

Atty. for:  Plaintiff

Address: 55 W. Wacker Drive, 9th Floor

City/State/Zip Code: Chicago, IL 60601

Telephone: (312) 893-7002

**Service via email from the opposing party/counsel will be accepted at:**

_____

by consent pursuant to Ill. Sup. Court Rules 11 and 131.

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

_____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED DATE: 8/31/2018 4:00 PM   2018CH11115

FILED DATE: 8/31/2018 4:00 PM   2018CH11115

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| FRIEDA ZIEDEL individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff,* | ) ) | No. |
| v. | ) ) | Hon. |
| NATIONAL GAS & ELECTRIC, LLC, a Texas limited liability company, | ) ) ) | |
| *Defendant.* | ) ) ) | **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Frieda Ziedel ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this class action complaint against Defendant National Gas & Electric, LLC ("National" or "Defendant") to stop Defendant's practice of making unauthorized and unsolicited telephone calls to consumer's cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff alleges follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.      In a misguided effort to promote the sale of its energy services to consumers, National, an operator of electricity and gas services, engaged in an invasive and unlawful form of marketing; making telephone calls while using an automated telephone dialing system ("ATDS") to contact the cellular telephones of consumers throughout the nation.

2.      By effectuating these unauthorized automated marketing calls, Defendant and its

FILED DATE: 8/31/2018 4:00 PM   2018CH11115

agents have violated the called parties' statutory rights and have caused consumers actual harm, not only because consumers were subjected to the aggravation and invasion of privacy that necessarily accompanies unauthorized automated telephone calls, but also because consumers, like Plaintiff, must frequently pay their cell phone service providers or incur a usage allocation deduction from their calling plans for the receipt of such calls, notwithstanding that the calls were made in violation of specific legislation on the subject.

3.     In order to redress these injuries, Plaintiff, on behalf of herself and the proposed Class defined below, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which protects the privacy right of consumers to be free from receiving unauthorized automated marketing calls.

4.     On behalf of the proposed Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized telephone calls and an award of actual and statutory damages to the class members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

5.     The Court has personal jurisdiction over the Defendant pursuant to 735 ILCS 5/2-209 and in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is registered to do business within the State, is doing business within the State, and because Defendant transacts business within this State.

6.     Venue is proper in Cook County under 735 ILCS 5/2-101, because the transaction out of which this cause of action arises occurred in Cook County, as Plaintiff resides in Cook County, Defendant conducts business in Cook County, and the unauthorized automated calls were received by Plaintiff in Cook County.

FILED DATE: 8/31/2018 4:00 PM   2018CH11115

## THE PARTIES

7.    Plaintiff a resident and citizen of the State of Illinois.

8.    Defendant National Gas & Electric, LLC. is a provider of energy services to individuals. Defendant is a Texas limited liability company with its principal place of business located in Texas.

## COMMON ALLEGATIONS OF FACT

9.    National is a seller and provider of electricity and gas services to consumers.

10.    As an ordinary business practice, National attempts to market its energy services and plans to consumers by making unauthorized automated telephone calls to their cellular telephones.

11.    However, Defendant fails to gather the necessary written consent required under the TCPA from the consumers it contacts prior to making such automated marketing calls.

12.    For example, sometime in or about August 2018, Defendant or its agents placed an automated call to Plaintiff's cellular telephone in an effort to market its energy services and claimed that it was affiliated with ComEd and offered to save Plaintiff 25% to 30% on her energy bill.

13.    In fact, National made at least two similar such calls to Plaintiff's cellular telephone using "spoofed" phone numbers that are not affiliated with the company: (312) 259-4575 and (312) 292-1190.

14.    At no time did Plaintiff ever provide written consent to Defendant to receive any automated marketing calls, nor did Plaintiff provide consent to be called by an affiliate of ComEd or by ComEd themselves.

15.    The unauthorized automated calls received by Plaintiff were made for the purpose

of promoting sales of Defendant's energy services and were automatically placed to lists of telephone numbers by Defendant using an ATDS.

16. In addition to being a nuisance and an invasion of privacy, Defendant's unauthorized automated marketing calls consistently interfered with Plaintiff's and the other Class members' use of their cellular telephones.

## CLASS ALLEGATIONS

17. Plaintiff brings this action on behalf of herself, and a Class of individuals, defined as:

> All persons in the United States and its Territories who, within the past four years, received one or more telephone calls from Defendant advertising its energy services on their cellular telephone and for whom Defendant did not have a record of written consent to make any such telephone calls.

18. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

19. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

20. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to

FILED DATE: 8/31/2018 4:00 PM   2018CH11115

ensure compatible standards of conduct toward the members of the Class, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

21.     The factual and legal bases of Defendant's liability to Plaintiff and to the members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

22.     Upon information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

23.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

(a)     Whether Defendant made one or more unauthorized automated marketing calls to members of the Class;

(b)     Whether Defendant and/or its agents used an automatic telephone dialing system to make the marketing calls at issue;

(c)     Whether Defendant obtained valid written consent to make such automated marketing calls;

(d)     Whether Defendant's conduct violated the Plaintiff's and Class members' respective rights to privacy;

(e)     Whether Defendant's conduct was willfully in violation of the TCPA such that the Class members are entitled to treble damages;

(f)     Whether Defendant should be enjoined from engaging in such conduct in the future.

FILED DATE: 8/31/2018 4:00 PM   2018CH11115

FILED DATE: 8/31/2018 4:00 PM   2018CH11115

## COUNT I

### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.) on behalf of the Class

24.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

25.     Defendant made unsolicited and unauthorized telephone calls advertising its energy services using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Class.

26.     Plaintiff and the other members of the Class never provided written consent to receive such telephone calls from Defendant.

27.     These automated telephone calls were made *en masse* using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention. Defendant utilized ATDS equipment that used "spoofed" numbers to place these calls.

28.     Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

29.     As a result of Defendant's illegal conduct, the members of the Class have had their privacy rights violated, have suffered statutory and actual damages, and under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

30.     To the extent the Court determines the Defendant's conduct was willful and knowing, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class.

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, prays for the

following relief:

A.  An Order certifying the Class as defined above;

B.  An award of actual and statutory damages;

C.  An injunction requiring Defendant to cease all unauthorized automated telephone activities;

D.  An award of reasonable attorneys' fees and costs; and

E.  Such other and further relief the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: August 31, 2018

FREIDA ZIEDEL, individually and on behalf of a class of similarly situated individuals

By: /s/ William P.N. Kingston
One of Plaintiff's Attorneys

William P.N. Kingston
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
wkingston@mcgpc.com
*Attorneys for Plaintiff*

FILED DATE: 8/31/2018 4:00 PM  2018CH11115

FILED
9/5/2018 2:28 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH11115

FILED DATE: 9/5/2018 2:28 PM   2018CH11115

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| FRIEDA ZIEDEL individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff*, | ) ) | No. 2018-CH-11115 |
| v. | ) ) | Hon. Anna M. Loftus |
| NATIONAL GAS & ELECTRIC, LLC, a Texas limited liability company, | ) ) ) | |
| *Defendant.* | ) ) | |

### <u>NOTICE OF MOTION</u>

To:

On  <u>December 31</u> , 2018 at  <u>10</u>  a.m. or as soon thereafter as counsel may be

heard, I shall appear before the Honorable  <u>Anna M. Loftus</u> or any Judge sitting in

that Judge's stead, in courtroom  <u>2410</u> , located at the Richard J. Daley Center, 50 W.

Washington St., Chicago, Illinois 60602, and present *Plaintiff's Motion for Class

Certification or, Alternatively, for a Deferred Class Certification Ruling Pending

Discovery*.

| | | | |
|---|---|---|---|
| **Name:** | McGuire Law, P.C. | **Attorney for:** | Plaintiff |
| **Address:** | 55 W. Wacker Dr., 9th Fl. | **City:** | Chicago, IL |
| 60601 | | | |
| **Telephone:** | (312) 893-7002 | **Firm ID**.: | 56618 |

- 1 -

FILED DATE: 9/5/2018 2:28 PM   2018CH11115

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on September 5, 2018, a copy of *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* was sent to Defendant's Registered Agent by way of delivery by process server.

_____William Kingston_____

FILED
9/5/2018 2:28 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH11115

FILED DATE: 9/5/2018 2:28 PM   2018CH11115

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| FRIEDA ZIEDEL individually and on behalf of a class of similarly situated individuals, | ) ) ) ) |
| *Plaintiff,* | ) ) No. 2018-CH-11115 |
| v. | ) ) Hon. Anna M. Loftus |
| NATIONAL GAS & ELECTRIC, LLC, a Texas limited liability company, | ) ) ) |
| *Defendant.* | ) ) ) |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiff, Freida Ziedel, by and through her undersigned counsel, and pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohl's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011)). In support of her Motion, Plaintiff submits the following Memorandum of Law.

Dated: September 5, 2018          Respectfully submitted,

                                  FRIEDA ZIEDEL, individually and on behalf of a
                                  class of similarly situated individuals

                                  By:      William Kingston
                                  One of Plaintiff's Attorneys

William P. Kingston
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
wkingston@mcgpc.com

*Attorneys for Plaintiff and the proposed Class*

FILED DATE: 9/5/2018 2:28 PM   2018CH11115

FILED DATE: 9/5/2018 2:28 PM   2018CH11115

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

This Court should certify a nationwide class of consumers who received unauthorized telephone calls from Defendant, National Gas & Electric, LLC ("National" or "Defendant"). Defendant, provider of gas and electricity services throughout the state of Illinois and the nation, violated federal law when they made unauthorized telephone calls using an automatic telephone dialing system ("ATDS") to the cell phones of individuals who had not consented to receive such calls or who had revoked consent to receive such calls. After receiving unlawful calls from Defendant, Plaintiff brought suit on behalf of a nationwide class of individuals, alleging that Defendant's misconduct violates the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") and its accompanying regulations, 47 C.F.R. 64.1200.

### THE TCPA

"In enacting the TCPA, Congress noted the nuisance of rampant telemarketing and the consequent costs of money, time, and the invasion of privacy to consumers." *See Abbas v. Selling Source, LLC*, No. 09CV3413, 2009 WL 4884471, at *7 (N.D. Ill. Dec. 14, 2009) (internal citations omitted); *see also Mims v. Arrow Financial Services*, 132 S.Ct. 740, 744 (2012); *Lozano v. Twentieth Century Fox*, 702 F. Supp. 2d 999, 1008 (N.D. Ill. 2010). Consequently, the TCPA prohibits parties from making:

> any call (other than a call made for emergency purposes *or made with the prior express consent of the called party*) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

- 3 -

FILED DATE: 9/5/2018 2:28 PM 2018CH11115

The Federal Communication Commission – which, under 47 U.S.C. § 227(b)(2), is required to "prescribe regulations to implement the requirements" of the TCPA – has made clear that unauthorized telephone calls fall under the purview of the TCPA. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14115, 2003 WL 21517853 (2003) (ruling that the TCPA prohibition on unsolicited calls "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls provided the call is made to a telephone number assigned to such service.")

While the TCPA has always required prior express consent before making telephone calls, as of October 16, 2013, the TCPA requires that individuals and companies such as Defendant obtain "prior express *written* consent for all telephone calls using an automatic telephone dialing system . . . to deliver a telemarketing message to wireless numbers[.]" *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, FCC Report and Order, CG Docket No. 02-278*, at ¶ 20 (Feb. 15, 2012) (emphasis added). Meaning, if a person revoked consent to receive such calls at any time or never provided consent in the first place, the caller would need to obtain written consent from that person to call using an ATDS or send a telemarketing message.

The TCPA provides a private cause of action for persons who have received unauthorized telephone and text message calls in violation of the provisions of the TCPA. 47 U.S.C. § 227(b)(3). The TCPA sets statutory damages in the amount of $500.00 per violation, with an allowance for treble damages if the Defendant is found to have sent the calls willfully. *See* 47 U.S.C. § 227(b)(3)(B)-(C); § 227(c)(5)(B)-(C).

FILED DATE: 9/5/2018 2:28 PM   2018CH11115

## FACTUAL BACKGROUND

Defendant, operates a company that provides gas and electricity services to consumers throughout Illinois and the nation, including but not limited to, in Chicago. (Compl. at ¶¶ 1, 9.) As part of this business, Defendant attempts to enroll consumers who have other service carriers by placing solicitation ATDS telephone calls to these numbers. (Compl. at ¶¶ 1, 10.) Here, Defendant placed unauthorized ATDS telephone calls to individuals who, like Plaintiff, had never provided written consent or who had revoked consent to receive such calls. (Compl. at ¶ 11, 14.)

Not only were such messages unauthorized under the TCPA, but unlike regular forms of advertising or solicitation that are paid for solely by the advertiser, unauthorized telephone advertisement calls can actually cost their recipients money to receive the calls, regardless of whether or not they ever authorized any entity to make them. (Compl. at ¶ 2.)

**Facts Specific to Plaintiff.**

As part of its solicitation calling program, Defendant began to make unauthorized advertisement telephone calls using an ATDS to Plaintiff starting in August of 2018. (Compl. at ¶ 12.) Even though Plaintiff at no point provided written consent to receive said calls from Defendant, Defendant made these promotional telephone calls purporting to offer 25 to 30 percent off of the Plaintiffs current Gas and/or Electricity bill. (Id.) When Plaintiff originally received this ATDS telephone call she was told by the maker of the call that she was with National Gas & Electric and that they were an affiliate of ComEd. At no point did Plaintiff ever provide ComEd written consent to receive any automated marketing calls using an ATDS. (Compl. at ¶ 14.) Plaintiff has received a number of similar unauthorized ATDS telephone calls to her cellular telephone all of them coming from different telephone numbers, none of which are associated with National Gas & Electric. (Compl. at ¶ 13.)

FILED DATE: 9/5/2018 2:28 PM   2018CH11115

**The Proposed Class.**

Plaintiff brings this action on behalf of herself and a nationwide class ( "Class"), defined as follows:

> All persons in the United States and its Territories who, within the past four years, received one or more telephone calls from Defendant advertising its energy services on their cellular telephone and for whom Defendant did not have a record of written consent to make any such telephone calls.

(Compl. at ¶ 17.)

As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendants' unlawful conduct.

## ARGUMENT

### I.    Standards for Class Certification

To obtain class certification, it is not necessary for a plaintiff to establish that she will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

FILED DATE: 9/5/2018 2:28 PM   2018CH11115

An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1)    The class is so numerous that joinder of all members is impracticable.

(2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3)    The representative parties will fairly and adequately protect the interest of the class.

(4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohl's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court

FILED DATE: 9/5/2018 2:28 PM   2018CH11115

should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### A.   The Requirement of Numerosity Is Satisfied.

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 586 N.E.2d 461, 464 (Ill. App. Ct. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 371 N.E.2d 634, 642–43 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members, but must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges, upon information and belief, that there are hundreds, if not thousands, of members of the Class. (Compl. at ¶ 22.) Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling). In this case, the allegations of the Complaint, in addition to common sense based on Defendant's calling practices, adequately demonstrates the numerosity of the proposed Class. *See Hinman v. M & M Rental Center, Inc.*, 545 F. Supp. 2d 802, 806 (N.D. Ill. 2008) (the court "may make common sense assumptions in determining numerosity"). The nature of Defendant's business is such that it places mass quantities of calls to reach as many potential consumers as possible. Given that Defendant made solicitation calls *en masse* (Compl. at ¶ 27), and the fact that

FILED DATE: 9/5/2018 2:28 PM    2018CH11115

Defendant's sole purpose is to reach out to consumers and enroll them in their service packages, the number of members of the Class is almost certainly in the hundreds or thousands or more—an amount that more than satisfies the numerosity requirement. *See Kulins v. Malco, A Microdot Co., Inc.*, 459 N.E.2d 1038, 1046 (Ill. App. Ct. 1984) (finding that, in Cook County, 30 class members is sufficient to satisfy numerosity); *Carrao v. Health Care Serv. Corp.,* 454 N.E.2d 781, 789 (Ill. App. Ct. 1983) (allegation in the complaint of over 1,000 class members clearly supports finding that joinder would be impracticable).

Additionally, the members of the putative Class can be easily and objectively identified from the calling records of Defendant and their agents once those records are produced. Any individual to whom Defendant made said unauthorized advertisement calls using an ATDS to and for whom Defendant does not have a record of written consent, or who revoked consent, would be members of the Class. Furthermore, it would be impracticable to join the claims of the members of the Class, because they are disbursed throughout the state and nation, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 586 N.E.2d at 464. Accordingly, the first prerequisite for class certification is met.

**B.    Common Questions of Law and Fact Predominate.**

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 428 N.E.2d 478, 483 (Ill. 1981); *Steinberg*, 371 N.E.2d at 644-45. These common questions must also predominate over any issues affecting individual class members. *See*

*O-Kay Shoes, Inc. v. Rosewell*, 472 N.E.2d 883, 885-86 (Ill. App. Ct. 1984).

While common issues must predominate, they "need not be exclusive." *Maxwell v. Arrow Fin. Servs., LLC*, No. 03-cv-1995, 2004 WL 719278, at *5 (N.D. Ill. Mar. 31, 2004); *Pleasant v. Risk Mgmt. Alternatives, Inc.*, No. 02-cv-6886, 2003 WL 22175390, at *5 (N.D. Ill. Sept. 19, 2003) (certifying class where "the central factual inquiry will be common to all" the class members); *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239, 242 (N.D. Ill. 2001) (finding predominance met where liability is predicated on the same legal theory and the same alleged misconduct). Class certification is proper even if there may be some possibility that "separate proceedings of some character will be required to determine the entitlements of the individual class members to relief." *Carnegie v. Household Int'l Inc.*, 376 F.3d 656, 661 (7th Cir. 2004).

In TCPA class actions, courts have frequently found that common legal and factual issues predominate if the class members' claims arise under the TCPA and focus on the same course of conduct by the defendant. *See, e.g., CE Design Ltd. v. C & T Pizza, Inc.*, 2015 IL App (1st) 131465, ¶¶ 13–14; *CE Design v. Beaty Const., Inc.*, 07-cv-3340, 2009 WL 192481, *5 (N.D. Ill. Jan. 26, 2009); *Lee v. Stonebridge Life Ins. Co.*, 289 F.R.D. 292, 294–95 (N.D. Cal. 2013). Here, the Class member's claims arise out of the same activity by Defendant, are based on the same legal theory, and implicate the following common issues: whether Defendant made one or more unauthorized automated marketing calls to members of the Class; whether Defendant and/or its agents used an automatic telephone dialing system to make the marketing calls at issue; whether Defendant obtained valid written consent to make such automated marketing calls; whether Defendant's conduct violated the Plaintiff's and Class members' respective rights to privacy; whether Defendant's conduct was willfully in violation of the TCPA such that the Class members

FILED DATE: 9/5/2018 2:28 PM 2018CH11115

FILED DATE: 9/5/2018 2:28 PM 2018CH11115

are entitled to treble damages; and whether Defendant should be enjoined from engaging in such conduct in the future? (Compl. at ¶ 23.)

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by sending unsolicited, unauthorized text message calls without the recipients' prior express written consent or after consent had been revoked. *See Hinman*, 545 F. Supp. 2d at 806–07 (finding commonality and predominance satisfied where Defendant engaged in a common course of conduct by obtaining fax numbers in the same way and sending the same fax to all numbers it obtained); *CE Design Ltd. v. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135, 141 (N.D. Ill. 2009). Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff has satisfied this hurdle to certification.

### C.     Adequate Representation.

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 428 N.E.2d at 482; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 574 N.E.2d 760, 763 (Ill. App. Ct. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 530 N.E.2d 994, 1000 (Ill. App. Ct. 1988); *Gordon*, 586 N.E.2d at 466.

In this case, Plaintiff has the same interests as the members of the proposed Class. Plaintiff and all Class members have allegedly received unauthorized text message calls from Defendant.

- 11 -

To date, Plaintiff's pursuit of this matter demonstrates that she will be a zealous advocate for the Class. Furthermore, proposed class counsel has regularly engaged in major complex and class action litigation, and has extensive experience in consumer class action lawsuits under the TCPA. (*See* Declaration of William Kingston, attached hereto as Exhibit A, ¶¶ 5-7). Further, Plaintiff's counsel has been appointed as class counsel in several complex consumer class actions, including similar TCPA class actions. (*Id.*) Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the Class members, thus satisfying Section 2-801(3).

### D. Fair and Efficient Adjudication of the Controversy.

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 586 N.E.2d at 467. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 586 N.E.2d at 467; *Purcell & Wardrope Chtd*, 530 N.E.2d at 1001 ("the predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute"). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class

- 12 -

FILED DATE: 9/5/2018 2:28 PM   2018CH11115

actions are often the last barricade of consumer protection"). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving the TCPA, which involve significant injury to the public as a whole, but result in many small, individual claims. Here, absent a class action, most Class members would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that consumers cease being harassed by Defendant's unauthorized text message calls, and to compensate those individuals who have had had their statutorily-protected privacy rights violated and/or who have wrongfully been charged money for such calls. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to ensure that valid written consent is obtained prior to contact or after initial consent has been revoked. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## CONCLUSION

For the reasons discussed above, the requirements of 735 ILCS 5/2-801 are satisfied. Therefore, Plaintiff respectfully requests that the Court enter an order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable and just. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

FILED DATE: 9/5/2018 2:28 PM   2018CH11115

Dated: September 5, 2018

Respectfully submitted,

FREIDA ZIEDEL, individually and on behalf of a class of similarly situated individuals

By: ___William Kingston_____
William P.N. Kingston, Esq.
One of Plaintiff's Attorneys

William P. Kingston
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
wkingston@mcgpc.com

*Attorneys for Plaintiff and the proposed Class*

- 14 -

FILED
9/5/2018 2:28 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018CH11115

FILED DATE: 9/5/2018 2:28 PM   2018CH11115

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| FRIEDA ZIEDEL individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 2018-CH-11115 |
| v. | ) ) | Hon. Anna M. Loftus |
| NATIONAL GAS & ELECTRIC, LLC, a Texas limited liability company, | ) ) ) | |
| Defendant. | ) ) ) | |

## DECLARATION OF WILLIAM KINGSTON – EXHIBIT A

I, William Kingston, hereby aver, pursuant to 735 ILCS 5/1-109, that I have personal knowledge of all matters set forth herein unless otherwise indicated and would testify thereto if called as a witness in this matter.

1.    I am an adult over the age of 18 and a resident of the State of Illinois.

2.    I am fully competent to make this Declaration and I do so in support of Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery.

3.    I am an associate of the law firm McGuire Law, P.C. I am licensed to practice law in the State of Illinois, and I am one of the attorneys representing the Plaintiff in this matter.

4.    McGuire Law, P.C. is a litigation firm based in Chicago, Illinois that focuses on class action litigation, representing clients in both state and federal trial and appellate courts throughout the country.

FILED DATE: 9/5/2018 2:28 PM   2018CH11115

5.      The attorneys of McGuire Law, P.C. have regularly engaged in complex litigation on behalf of consumers and have extensive experience prosecuting class action lawsuits similar in size and complexity to the instant case. I and/or attorneys at my firm have served as class counsel in numerous complex consumer class actions. *See, e.g.*, *Shen et al v. Distributive Networks, Inc.* (N.D. Ill. 2007); *McFerren et al v. AT&T Mobility, LLC* (Sup. Ct. Fulton County, Ga. 2008); *Gray et al v. Mobile Messenger Americas, Inc. et al.,* (S.D. Fla. 2008); *Gresham et al v. Keppler & Associates, LLC et al.,* (Sup. Ct. Los Angeles County, Cal. 2008); *Weinstein et al v. The Timberland Co., et al.* (N.D. Ill. 2008); *Sims et al v. Cellco Partnership* et al., (N.D. Cal. 2009); *Van Dyke et al v. Media Breakaway, LLC et al.,* (S.D. Fla. 2009); *Paluzzi, et al. v. mBlox, Inc., et al.,* (Cir. Ct. Cook County, Ill. 2009); *Valdez et al v. Sprint Nextel Corporation* (N.D. Cal. 2009); *Parone et al v. m-Qube, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2010); *Satterfield et al v. Simon & Schuster* (N.D. Cal. 2010); *Espinal et al v. Burger King Corporation et al.,* (S.D. Fla. 2010); *Lozano v. Twentieth Century Fox,* (N.D. Ill. 2011); *Williams et al v. Motricity, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2011); *Walker et al v. OpenMarket, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2011); *Schulken at al v. Washington Mutual Bank, et al.,* (N.D. Cal. 2011); *In re Citibank HELOC Reduction Litigation* (N.D. Cal 2012); *Kramer et al v. Autobytel* et al., (N.D. Cal. 2011); *Rojas et al v. Career Education Co.* (N.D. Ill. 2012); *Ellison et al v. Steven Madden, Ltd.* (C.D. Cal. 2013); *Robles et al v. Lucky Brand Dungarees, Inc.* et al., (N.D. Cal. 2013); *Pimental et al v. Google, Inc. et al.,* (N.D. Cal. 2013); *In re Jiffy Lube Spam Text Litigation* (S.D. Cal. 2013); *Lee et al v. Stonebridge Life Ins. Co. et al.,* (N.D. Cal. 2013); *Gomez et al v. Campbell-Ewald Co.* (C.D. Cal. 2014); *Murray et al. v. Bill Me Later, Inc.,* 12-cv-4789 (N.D. Ill. 2014); *Valladares et al v. Blackboard, Inc.* (Cir. Ct. Cook County, Ill. 2016); *Hooker et al. v. Sirius XM Radio, Inc.* (E.D. Va. 2016); *Seal et al. v. RCN Telecom Services, LLC,* (Cir. Ct. Cook County, Ill. 2017);

FILED DATE: 9/5/2018 2:28 PM 2018CH11115

*Manouchehri, et al. v. Styles for Less, Inc., et al.*, (S.D. Cal. 2017); *Vergara et al. v. Uber Technologies, Inc.* (N.D. Ill. 2017); *Flahive et al v. Inventurus Knowledge Solutions, Inc.* (Cir. Ct. Cook County 2017).

6.     I am a graduate of John Marshall Law School. I have been practicing law since 2017 and have been admitted to practice in the Illinois Supreme Court and in several federal courts throughout the country, including the U.S. District Court for the Northern District of Illinois.

7.     McGuire Law, P.C. has diligently investigated the facts and claims in this matter and will continue to diligently investigate and prosecute this matter. McGuire Law, P.C. has also dedicated substantial resources to this matter and will continue to do so. McGuire Law, P.C. has the financial resources necessary to fully prosecute this action through trial and to provide the necessary and appropriate notice to the class members should this proposed class be certified.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 5, 2018 in Chicago, IL.

_William P.N. Kingston__

# STATE OF ILLINOIS

# COOK COUNTY CIRCUIT COURT

### CASE# 2018 CH 11115

I, LARRY BIELA

FIRST BEING DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE, AND NOT PARTY TO THIS SUIT AND IS A REGISTERED EMPLOYEE OF ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATIONS AS A PRIVATE DETECTIVE, LARRY BIELA LICENSE 115-001755, P O BOX 46335, CHICAGO, IL. 60646, PHONE 312 243 4030

## <u>CORPORATE SERVCE</u>

THAT I SERVED THE WITHIN:    SUMMONS, CLASS ACTION COMPLAINT, PLAINTIFFS MOTION FOR CLASS CERTIFICATION OR ALTERNATIVELY A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY, NOTICE OF MOTION, AND EXHIBIT A

ON THE NAMED DEFENDANT:    NATIONAL GAS & ELECTRIC, LLC

PERSON SERVED:    SENIOR INTAKE SPECIALIST  CT CORPORATION SYSTEMS

THAT THE SEX, RACE, AND APPROXIMATE AGE OF THE PERSON I LEFT THE DOCUMENTS ARE AS FOLLOWS:

SEX/FEMALE    RACE/BLACK    AGE/70    HEIGHT/5'6    BUILD/MED    HAIR/BROWN

DATE OF SERVICE:    9/7/2018    TIME OF SERVICE:    2:02 PM

LOCATION:    208 S LA SALLE ST, SUITE 814
CHICAGO, IL. 60604

LARRY BIELA    9/7/2018
SPECIAL PROCESS SERVER
ILLINOIS LICENSE 115-001755

UNDER PENALTIES OF PERJURY AS PROVIDED BY LAW PURSUANT TO SECTION 1-109 OF THE CODE OF CIVIL PROCEDURE THE UNDERSIGNED CERTIFIES THAT THE STATEMENT ARE TRUE AND CORRECT, EXCEPT AS TO MATTERS THEREIN STATED TO BE ON INFORMATION AND BELIEF AND SUCH MATTERS THE UNDERSIGNED CERTIFIES AS AFORESAID THAT HE BELEIVES SAME TO BE TRUE.