**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF ILLINOIS**

| | | |
|---|---|---|
| FRIEDA ZEIDEL individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff*, | ) ) | No. 18-cv-06792 |
| v. | ) ) | Hon. John Z. Lee |
| NATIONAL GAS & ELECTRIC, LLC, a Texas limited liability company, | ) ) ) | |
| *Defendant.* | ) ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Frieda Zeidel ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this class action complaint against Defendant National Gas & Electric, LLC ("National" or "Defendant") to stop Defendant's practice of making unauthorized and unsolicited telephone calls to consumer's cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff alleges upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1. In a misguided effort to promote the sale of discounted energy to consumers, National, a retail supplier of electricity and natural gas, engaged in an invasive and unlawful form of marketing: making unauthorized telephone calls with an automated telephone dialing system ("ATDS") to the cellular telephones of consumers throughout the nation.

2. By effectuating these unauthorized automated telephone calls, Defendant and its

1

agents have violated the called parties' statutory rights and have caused consumers actual harm, not only because consumers were subjected to the aggravation and invasion of privacy that necessarily accompanies unauthorized automated telephone calls, but also because consumers, like Plaintiff, must frequently pay their cell phone service providers or incur a usage allocation deduction from their calling plans for the receipt of such calls, notwithstanding that the automated calls were made in violation of specific legislation on the subject.

3. In order to redress these injuries, Plaintiff, on behalf of herself and the proposed Class defined below, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which protects the privacy right of consumers to be free from receiving unauthorized automated telephone calls.

4. On behalf of the proposed Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized automated telephone calls and an award of actual and statutory damages to the class members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

6. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant resides in this District; Defendant regularly conducts business in this District; and because a substantial part of the events giving rise to the claims herein occurred within this District, as Plaintiff received the calls at issue in this District.

## THE PARTIES

7. Plaintiff is a resident of the state of Illinois.

8. Defendant National Gas & Electric, LLC is a retail supplier of electricity and

natural gas to individuals in multiple states throughout the country. Defendant is a Texas limited liability company with its principal place of business located in Texas and conducts business throughout the country, including in this District.

## COMMON ALLEGATIONS OF FACT

9. National is a retail supplier of electricity and natural gas services to consumers.

10. National utilizes its partnership with various energy companies, such as ComEd, to provide energy services at what it purports to be a discounted rate.

11. As an ordinary business practice, Defendant employs the use of an ATDS to market its "money-saving" energy services to consumers. Defendant makes these telephone calls to lists of cellular telephone numbers with the hope of enrolling consumers into its "discounted" gas or electricity services plans.

12. However, prior to making these promotional or advertising calls, Defendant fails to obtain the written consent from any of the consumers whom it calls.

13. The calls placed by Defendant to Plaintiff and the putative Class members are placed utilizing an ATDS, as defined by 47 U.S.C. § 227(a)(1).

14. The system used by Defendant and/or its agents to place the unauthorized calls at issue has the capacity to store and/or produce telephone numbers to be called, using a random or sequential number generator and, in fact, called those numbers.

## PLAINTIFF'S ALLEGATIONS OF FACT

15. In August 2018, Defendant began placing calls to Plaintiff's cellular telephone number.

16. On one such day of contact, Defendant called Plaintiff using an ATDS, which automatically connected a phone operator to the call after Plaintiff answered her phone. The

3

operator said that she worked for National Gas & Electric. Additionally, the operator said that utilizing National Gas & Electric could result in a discount of 25% to 30% on her energy bill.

17. Since the initial contact, National has made numerous calls to Plaintiff's cell phone, primarily from two "spoofed" numbers, and the phone operators stated to Plaintiff on multiple occasions that they were calling from National Gas & Electric.

18. At no time did Plaintiff ever provide written consent to Defendant to be called by Defendant, nor did Plaintiff ever provide written consent to be called by an affiliate or agent of Defendant or by ComEd.

19. The unauthorized automated telephone calls received by Plaintiff constituted telemarketing and were for the purpose of promoting Defendant's discounted energy services.

20. In addition to being a nuisance and an invasion of privacy, Defendant's unauthorized telephone calls consistently interfered with Plaintiff's and Class members' use of their respective cellular telephones.

## CLASS ALLEGATIONS

21. Plaintiff brings this action, pursuant to Fed. R. Civ. P. 23(a) and 23(b), on behalf of herself and a Class of individuals defined as follows:

> All persons in the United States and its Territories who, within four years prior to the commencement of this litigation, received one or more marketing or promotional telephone calls from Defendant on their cellular telephone that was placed using an Automatic Telephone Dialing System and for whom Defendant did not have a record of written consent to make such telephone calls.

22. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources

to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

23. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

24. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

25. The factual and legal bases of Defendant's liability to Plaintiff and to the members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

26. Upon information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

27. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

(a) Whether Defendant made one or more unauthorized automated marketing calls to the members of the Class;

(b) Whether Defendant and/or its agents used an automatic telephone dialing system to make the marketing calls at issue;

(c) Whether Defendant obtained valid written consent to make such automated marketing calls;

(d) Whether Defendant's conduct violated the Plaintiff's and Class members' respective rights to privacy;

(e) Whether Defendant's conduct was willfully in violation of the TCPA such that the Class members are entitled to treble damages; and

(f) Whether Defendant should be enjoined from continuing to engage in such conduct.

## COUNT I
### Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.) on behalf of the Class

28. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

29. Defendant made unsolicited and unauthorized telephone calls advertising its energy services using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Class.

30. Plaintiff and the members of the Class never provided written consent to receive such telephone calls from Defendant.

31. These automated telephone calls were made *en masse* using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention. Defendant and/or its agents used this equipment to automatically dial pre-programmed lists of telephone numbers, and the system used by Defendant and/or its agents

6

utilized "spoofed" numbers to place the automated calls.

32. Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

33. As a result of Defendant's illegal conduct, the members of the Class had their statutory and privacy rights violated, suffered statutory and actual damages, and under 47 U.S.C. § 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

34. To the extent the Court determines the Defendant's conduct was willful and knowing, the Court should, pursuant to § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class.

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, prays for the following relief:

    A.    An Order certifying the Class as defined above;

    B.    An award of the greater of actual or statutory damages;

    C.    An injunction requiring Defendant to cease all unauthorized automated telephone activities;

    D.    An award of reasonable attorneys' fees and costs; and

    E.    Such other and further relief the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: November 6, 2018

FRIEDA ZEIDEL, individually and on behalf of a class of similarly situated individuals

By: /s/ William P.N. Kingston
One of Plaintiff's Attorneys

William P.N. Kingston
wkingston@mcgpc.com
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002

*Attorneys for Plaintiff and the Putative Class*